UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-CV-24257

JEFFERY FEHLMAN,

    Plaintiff,

vs.

CELEBRITY CRUISES, INC.,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

    Plaintiff, JEFFERY FEHLMAN ("Plaintiff"), through undersigned counsel, sues Defendant, CELEBRITY CRUISES, INC., ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

    1.    Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

    2.    This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

    3.    Further, this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

    4.    Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

    5.    Plaintiff is *sui juris* and is a resident and citizen of Ivanhoe, Illinois.

    6.    Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business

in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

7. Defendant is a citizen of the State of Florida.

8. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. **DATE OF INCIDENT**: This incident occurred on or about April 5, 2016.

11. **LOCATION OF INCIDENT**: The incident occurred when Plaintiff was a lawfully paying passenger aboard Defendant, CELEBRITY CRUISES INC'S, cruise ship vessel, the *Celebrity Silhouette.*

12. **DESCRIPTION OF THE INCIDENT:** At all times relevant, Defendant owed a duty to Plaintiff to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

13. However, on the date and time of the incident, and at the location of the incident, Plaintiff's arm was smashed by his estate room door.

14. On the date and time of the incident, Plaintiff was in his estate room.

15. Plaintiff had the balcony sliding glass door opened.

16. Plaintiff went to open the front door of his estate room.

17. When Plaintiff opened the front door of his estate room, the door began to rapidly close.

18. Plaintiff's arm was extended out between the door.

19. The estate room door slammed instantly, while Plaintiff's arm was still extended between the door.

20. The instant slamming of the door caused Plaintiff to suffer grievous bodily injury, including, but not limited to, a complete rotator cuff tear.

21. Plaintiff subsequently received surgery as a result of his injuries.

22. Due to this incident, Plaintiff suffered other damages, which he will describe later on in this Complaint.

23. **OTHER FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**: At all times relevant, the estate room door that is the subject of this incident was hazardous, unreasonably dangerous, defective, lacking adequate safety features, improperly designed, improperly installed, placed in an unsafe location, outdated, and/or otherwise unsafe.

24. These hazardous conditions of the estate room door were known or should have been known to Defendant in the exercise of reasonable care.

25. These dangerous conditions existed for a period of time before the incident.

26. These conditions were neither open nor obvious to Plaintiff.

27. Nevertheless, at all times relevant, Defendant failed to adequately inspect the estate room doors for dangers.

28. At all times relevant, Defendant failed to adequately inspect the estate room doors to insure that they were reasonably safe for use and was in a reasonably safe condition.

3
Aronfeld Trial Lawyers
Aronfeld.com

29. At all times relevant, Defendant failed to eliminate the hazard(s).

30. At all times relevant, Defendant failed to properly maintain the estate room door.

31. At all times relevant, Defendant failed to maintain the area surrounding the estate room door, which includes, but is not limited to, the sliding glass balcony door.

32. At all times relevant, Defendant designed and/or employed an estate room door that lacked adequate safety features to prevent an injury such as Plaintiff's.

33. At all times relevant, Defendant designed and/or employed an estate room door that was unreasonably dangerous when opened while the sliding glass balcony door is opened.

34. At all times relevant, Defendant participated in or approved of the design of the estate room door, including the relevant parts, involved in the incident.

35. At all times relevant, Defendant participated in or approved of the design of the sliding glass balcony door involved in the incident.

36. At all times relevant, Defendant failed to properly train and supervise its crew.

## COUNT I
## NEGLIGENCE

37. Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 36 as if set forth herein.

38. At all times relevant, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

39. Such duties include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

40. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

41. At all times material, the Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or

agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to inspect and maintain its estate room doors in a reasonably safe condition;

   b. Failing to take proper precautions for the safety of passengers using its estate room doors;

   c. Failing to warn Plaintiff of the dangerous conditions of its estate room doors;

   d. Failing to have adequate policies and procedures in place for inspection and maintenance of its estate room doors;

   e. Creating a dangerous condition or failing to remedy a dangerous condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

   f. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, and maintain the area of the ship where Plaintiff's incident occurred, and Defendant knew or should have known that this ship was inadequately staffed.

   g. Designing and/or employing estate room doors that are unreasonably dangerous to passengers;

   h. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence.

   i. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

   j. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

42. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred.

43. Defendant either (a) had actual knowledge of the dangerous conditions; (b) had constructive knowledge of the dangerous conditions; (c) would have had knowledge of the dangerous conditions had the Defendant implemented proper methods of inspection; and/or (d) created the dangerous conditions.

44. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

45. The losses are either permanent or continuing.

46. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JEFFERY FEHLMAN, demands Judgment against Defendant, CELEBRITY CRUISES, INC., for damages suffered as a result of Defendant's negligence, including bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of ability to earn money, loss of important bodily functions, which have been incurred or suffered in the past and which will be incurred or suffered in the future; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** this 6th day of October, 2016.

                ARONFELD TRIAL LAWYERS
                Attorneys for Plaintiff
                3132 Ponce de Leon Boulevard
                Coral Gables, Florida 33134
                P:     (305) 441.0440
                F:     (305) 441.0198

By:   */s/ Spencer Aronfeld, Esq.*
        Spencer Aronfeld, Esq.
        Florida Bar No.: 905161
        Aronfeld@Aronfeld.com

By:   *s/Matthias M. Hayashi, Esq.*
        Matthias M. Hayashi, Esq.
        Florida Bar No.: 0115973
        MHayashi@Aronfeld.com